# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVSION

| | |
|---|---|
| **IPOS, LLC** | **PLAINTIFF** |
| v. No. 4:22-cv-324-DPM | |
| **SEAN LEE SOBBA and** | |
| **ELSOB, INC.** | **DEFENDANTS** |
| **ELSOB, INC.** | **COUNTER-CLAIMANT** |
| v. | |
| **IPOS, LLC** | **COUNTER-DEFENDANT** |
| **ELSOB, INC.** | **THIRD-PARTY PLAINTIFF** |
| v. | |
| **BEAU DYLAN RIBBLE** | **THIRD-PARTY DEFENDANT** |

## PROTECTIVE ORDER

**1.** This Agreed Protective Order shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party, person, or entity.

**2.** This Protective Order shall govern the disclosure of materials designated as Confidential Material in this litigation.

Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production. Confidential Information shall include the following:

    a. Any and all documents referring or related to Defendants' confidential and proprietary human resources or business information; financial records of the parties; and compensation of Defendants' current and former personnel;

    b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

    c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations.

- 2 -

Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); and The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR § 160; 45 C.F.R. §§ 164.102-164.106 & §§ 164.500-164.534 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes-Only material, in which event the parties shall meet and confer in good faith *in person*, and, if unsuccessful, shall follow the procedure in paragraph eight of this Order.

d. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The receiving party may make copies of Confidential Material and those copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format (*e.g.*, a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The receiving party shall mark any hard-copy printouts and the storage medium of any permissible copies of the electronic material with the corresponding legend contained on the original and those copies shall become subject to the same protections as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the fifteen-business-day period for

designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such fifteen-business-day period, the entire transcript shall receive confidential treatment. Upon that designation, the court reporter and each party shall affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the designated pages and segregate them as appropriate.

4. Any Confidential Material and the information contained therein shall be disclosed only to the following individuals.

    a. The Court and its staff in this case and in any appeal therefrom;

    b. The names parties in this litigation, including officers and representatives of corporate parties;

    c. Counsel for record for the parties in this case, including in-house counsel responsible for the litigation;

    d. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

    e. Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained

by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

f. Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agree in writing or on the record, or whom the Court directs shall have access to cush information; and,

g. During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document prior to its production in this action.

5. Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

6. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a receiving party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the receiving party's counsel must confer with counsel for the producing party.

**7.** Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose Confidential Information, as defined by the terms of this Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Protective Order and advised that a party who breaches same may be punished or sanctioned as contempt of the Court. Those deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of the Confidential Material nor any portion of the deposition transcript reflecting the Confidential Information.

**8.** Counsel must confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after an objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The

parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

**9.** The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential," and any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

**10.** No copies of Confidential Material shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action. Any person making copies of that information shall maintain all copies within their possession or the possession of those entitled to access such information under the Protective Order.

**11.** All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

**12.** Nothing in this Order shall be construed as an admission as to the relevant, authenticity, foundation or admissibility of any document, material, transcript, or other information.

**13.** Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

**14.** This Order will remain in effect for one year after litigation ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Counsel for the parties shall be permitted to retain Confidential Information in their files, subject to this Order. Excepting counsel for the parties and the Court and its staff, all other persons or entities to whom such Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to either return it or provide notification that it has been destroyed.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

9 January 2024

**AGREED TO**:

Sam Patterson; ABN 2017020
Guy W. Murphy, Jr.; ABN 85-115
**HYDEN, MIRON & FOSTER, PLLC**
557 Locust
Conway, AR  72034
(501) 336-8822
Fax: (501) 336-8688
E-mail: sam.patterson@hmflaw.net
        guy.murphy@hmflaw.net

ATTORNEYS FOR SEAN SOBBA and ELSOB, INC.

and

Clayborne S. Stone; ABN 2003102
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 W. Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
Phone: (501) 688-8800
Fax: (501) 688-8807
cstone@mwlaw.com

ATTORNEYS FOR IPOS, LLC and BEAU DYLAN RIBBLE