IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVIVSION

| | |
|---|---|
| IPOS, LLC | PLAINTIFF |
| v. No. 4:22-cv-324-DPM | |
| SEAN LEE SOBBA and ELSOB, INC. | DEFENDANTS |
| ELSOB, INC. | COUNTER-CLAIMANT |
| v. | |
| IPOS, LLC | COUNTER-DEFENDANT |
| ELSOB, INC. | THIRD-PARTY PLAINTIFF |
| v. | |
| BEAU DYLAN RIBBLE | THIRD-PARTY DEFENDANT |

ORDER

1. **Introduction.** This business dispute centers around a Seductions lingerie and adult novelty store in Hot Springs, Arkansas and the intellectual property—trademarks and such—connected with that business. Dennis Sobba formed ELSOB, Inc. to own and operate this store in 2004. It was originally named Cupids Lingerie and More.

After litigation among former business partners about use of the Cupids trade name, Dennis Sobba retained the Hot Springs store. He then began working with Beau Ribble to change the store's name to Seductions.

Sobba and Ribble created an entity named Intellectual Property of Seductions, LLC in 2013 to own and protect Seductions's intellectual property. That same year, IPOS entered into several license agreements with other companies, granting them a license to use IPOS's marks. The marks, however, had not yet been registered.

Dennis Sobba died in August 2015. His son, Sean, became the sole owner of ELSOB, his father's original corporate entity. As part of the probate proceedings, Dennis's estate, Ribble, Sean, IPOS, and several other companies operating as Seductions stores entered into a settlement agreement. This 2017 agreement provided that Ribble became the sole owner of various companies operating as Seductions stores in Pulaski, Washington, and Craighead counties. He also became the sole owner of IPOS.

The settlement agreement also acknowledged that IPOS owned various intellectual property:
- the name "Seductions";
- "Seductions with a devil's tail originating from the right side of the mark, extending left and moving downward"; and
- the "Sexiest Store in Town".

*Doc. 49 at 6.* The parties agreed that ELSOB was a licensee that had the right to use IPOS's intellectual property, subject to a written license agreement. *Ibid.* The written license agreement was supposed to have terms "consistent with and not more restrictive than" IPOS's license agreements with the other companies that owned Seductions stores around Arkansas. *Ibid.* Time passed. Approximately four years after the settlement agreement, in 2021, IPOS sent a draft license agreement to ELSOB. *Doc. 31 at 7.* ELSOB didn't sign it. ELSOB responded that the terms were different than what the parties agreed to in their 2017 agreement. ELSOB continued to operate the Hot Springs Seductions store during all this time.

In the latter part of the post-settlement period, there was some movement on registration. In 2020, IPOS registered the mark "The Sexiest Store in Town". And in December 2021, IPOS registered the mark "Seductions".

IPOS then sued ELSOB and Sean in this case for breach of contract, infringement of federally registered trademarks under 15 U.S.C. § 1114(1)(a), unfair competition under 15 U.S.C. § 1125(a), trademark dilution under ARK. CODE ANN. § 4-17-213, and common law trademark infringement and unfair competition. All these claims were based on ELSOB's use of IPOS's trademarks without a written license agreement. Sean and ELSOB counterclaimed against IPOS, and brought Ribble into the case. They claim breach of contract. They say

that IPOS's proposed license agreement did not include the terms the parties previously agreed upon. Sean and ELSOB also seek a declaration that they can continue to use the marks.

Sean and ELSOB now seek summary judgment on all of IPOS's claims except the breach of contract claim. Many of the material facts are undisputed. Where there is a dispute, the Court views the record in the light most favorable to IPOS. *Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1008-09 (8th Cir. 2011).

2. **Laches.** Sean and ELSOB argue that IPOS's claims are barred by laches because IPOS waited until 2022 to file this lawsuit. IPOS responds that it had a good reason for the delay: between 2017 and 2021, it was involved in litigation with other companies over the marks. The ELSOB defendants say that circumstance doesn't excuse a four-year delay in asserting its claims. They also assert prejudice, saying ELSOB understood that it could use Seductions as its business's name.

Whether the ELSOB defendants have a solid laches defense turns on a factual dispute about the length of the delay. *Roederer v. J. Garcia Carrion, S.A.*, 569 F.3d 855, 858-59 (8th Cir. 2009). If they knew that IPOS objected to their use of the marks, then laches may not apply. *Ibid.* Sean and ELSOB deny knowledge of any objection. But Ribble says he reached out to Sean via text message about a license agreement in 2018.

*Doc. 33-2 at 11*. Sean denies this exchange. *Doc. 33-3 at 3*. This text message isn't in the record. Because the facts about the ELSOB defendants' laches defense are disputed, whether they can rely on it must be decided at trial. *Masters v. UHS of Delaware, Inc.*, 631 F.3d 464, 469 (8th Cir. 2011).

3. **Trademark Infringement Claims.** The parties disagree on how the Court should analyze these claims because of an underlying factual dispute. IPOS says that even though Sean never signed the 2021 license agreement, IPOS had given ELSOB an implied license to use the marks. IPOS contends that it terminated that implied license when the parties signed the 2017 settlement agreement. When ELSOB continued to use the trademark thereafter, IPOS continues, that use established a likelihood of confusion about the marks. *Max Rack, Inc. v. Core Health & Fitness, LLC*, 40 F.4th 454, 464 (6th Cir. 2022).

ELSOB and Sean see things differently. They contend that ELSOB wasn't using the marks pursuant to any implied or express license agreement. Instead, IPOS simply knew that ELSOB was using the marks and didn't object. So, ELSOB and Sean say that the Court should use the default six-factor test to determine whether there was a likelihood of confusion between the marks. *Everest Capital Ltd. v. Everest Funds Management, L.L.C.*, 393 F.3d 755, 759-60 (8th Cir. 2005).

Which analysis the Court should use turns on whether the ELSOB defendants violated the 2017 settlement agreement by continuing to use

the marks despite having no written license agreement. But no one moved for summary judgment on the dueling breach claims. The parties seem of one mind that this deep issue must be tried. And the record on the merits here is thin. IPOS's motion for summary judgment on the trademark claims is therefore denied.

**4. State-Law Trademark Dilution.** The ELSOB defendants say that IPOS can't bring a cause of action under ARK. CODE ANN. § 4-71-213 because ELSOB was using the marks before the parties entered into the 2017 settlement agreement and before IPOS registered the marks. IPOS responds that the 2017 settlement agreement acknowledges that IPOS is the sole owner of the marks. "The owner of a mark which is famous in this state shall be entitled . . . to an injunction against another person's commercial use of a mark or trade name if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark . . . ." ARK. CODE ANN. § 4-71-213(a)(1). Neither side has made any argument about whether the Seductions marks are famous as defined in the governing statute. And the record on this claim is also too thin for the Court to decide. This claim, therefore, is for trial, too.

\* \* \*

Motion for partial summary judgment, *Doc. 24*, denied. This case remains set for trial the week of 21 October 2024.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 May 2024